**John Henry JOHNSON, Petitioner–
Appellant,**

v.

**Joseph M. BROOKS, B.O.P., Warden,
Respondent–Appellee.**

**No. 01–7152.**

United States Court of Appeals,
Fourth Circuit.

Submitted Oct. 4, 2001.

Decided Oct. 12, 2001.

John Henry Johnson, pro se.

Before NIEMEYER, LUTTIG, and MICHAEL, Circuit Judges.

PER CURIAM.

John Henry Johnson appeals the district court's order denying relief on his 28

U.S.C. § 2241 (1994) petition. We have reviewed the record and the district court's opinion and find no reversible error. Accordingly, we affirm substantially on the reasoning of the district court. *Johnson v. Brooks,* No. CA–01–292–3 (E.D.Va. July 3, 2001).* We grant the motion for leave to proceed in forma pauperis. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED.*

Paul Nagy appeals the district court's orders dismissing his *Bivens*[1] complaint without prejudice for failure to exhaust administrative remedies[2] and denying his motion filed under Fed.R.Civ.P. 59(e). The district court properly required exhaustion of administrative remedies under 42 U.S.C.A. § 1997e(a) (West Supp.2001). Because Nagy did not fully exhaust his administrative remedies, we find no error in the court's dismissal of the action without prejudice. *See id.;* 28 C.F.R. §§ 542.10 to 542.19 (2001). Nor did the district court abuse its discretion in denying Nagy's Rule 59(e) motion. *See Pacific Ins. Co. v. American Nat'l Fire Ins. Co.,* 148 F.3d 396, 402 (4th Cir.1998) (providing standard). We therefore affirm the district court's orders. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED.*

---

* The claim under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), lacks merit because Johnson's 220–month sentence is less than the maximum sentence authorized under 21 U.S.C.A. § 841(b)(1)(C) (West Supp.2001). *See United States v. Promise,* 255 F.3d 150, 156 (4th Cir.2001) (en banc).